UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J. DAVID KONCAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:22-CV-1160-G |
| AMERICAN SECURITY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant American Security Insurance Company's ("American Security") motion to preclude the plaintiff's claim for attorney's fees. American Security Insurance Company's Motion to Preclude Plaintiff's Recovery of Attorneys' Fees ("Motion to Preclude") (docket entry 9). For the reasons below, the motion is **DENIED**.

## I. BACKGROUND

A hailstorm damaged J. David Koncak's ("Koncak") home in June 2019. Plaintiff's Original Petition and Jury Demand (docket entry 6-2) at 2. Koncak submitted an insurance claim to his insurer American Security, but later a second

storm caused additional property damage in October 2019.  *Id.* at 2-3.  After

disputing the value of the claims, Koncak's attorney sent a pre-suit demand letter to

American Security on November 29, 2021.  American Security Insurance Company's

Appendix ("Appendix to Motion") (docket entry 9-1) at 44-47.  The letter demanded

$550,000 in damages plus $5,000 in attorney's fees.  *Id.* at 46-47.

Koncak filed this suit on March 16, 2022 in a Texas state court, Plaintiff's

Original Petition and Jury Demand, and American Security timely removed this case

to federal court on May 27, 2022, *see* Amended Notice of Removal (docket entry 6).

On June 22, 2022, American Security filed a motion to preclude Koncak's recovery of

attorney's fees.  Motion to Preclude.  American Security contends that Koncak's pre-

suit demand letter does not satisfy the requirements of Texas Insurance Code section

542A.003(b).  *Id.* at 4-6.  Koncak filed his response to the motion on July 11, 2022,

arguing that the letter is adequate for section 542A.003(b).  Plaintiff's Response to

Defendant's Motion to Preclude Plaintiff's Recovery of Attorneys' Fees ("Response")

(docket entry 11) ¶¶ 4-8.  American Security filed its reply to Koncak's response on

July 25, 2022.  American Security Insurance Company's Reply in Support of its

Motion to Preclude Plaintiff's Recovery of Attorneys' Fees ("Reply") (docket entry

13).  The motion is now ripe for decision.

II.  ANALYSIS

A.  Legal Standard

Texas Insurance Code section 542A.003 requires that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person."  This notice includes:

> (1) a statement of the acts or omissions giving rise to the claim;
>
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
>
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

TEX. INS. CODE § 542A.003(b).  If the claimant fails to provide sufficient notice, then the court "may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court."  TEX. INS. CODE § 542A.007(d).  A party entitled to notice, but which did not receive such notice, must file a pleading with the court within 30 days after the date the defendant files an original answer to preclude attorney's fees.  *Id*.

- 3 -

B. <u>Application</u>

It is undisputed that American Security was entitled to pre-suit notice under

section 542A.003, and the parties only dispute whether section 542A.003(b)(2) is

satisfied.  American Security argues that Koncak's pre-suit demand letter did not

include "the specific amount alleged to be owed by the insurer on the claim for

damage to or loss of the covered property," *see* TEX. INS. CODE § 542A.003(b)(2), so

that Koncak is precluded from recovering attorney's fees in this suit, Motion to

Preclude ¶¶ 6-10.  American Security contends that the pre-suit demand letter does

not specify the amount claimed, but instead is "vague and ambiguous" and demands

a "conservative estimate of" $550,000.  *Id.* ¶¶ 9-10.  Further, American Security urges

the court to consider the purpose behind section 542A.  *Id.* ¶¶ 7-8,10.  Koncak, in

turn, contends that the pre-suit demand letter is adequate because it provided a

specific dollar amount.  Response ¶ 8.  The court agrees with Koncak.

The statute only requires that pre-suit notice includes "the specific amount

alleged to be owed by the insurer[.]"  TEX. INS. CODE § 542A.003(b)(2).  The pre-suit

demand letter specified $550,000 for damages incurred to Koncak's property.

Appendix to Motion at 46-47.  American Security contends that the demand amount

is inadequate because the calculation is illogical, *see* Motion to Preclude ¶ 9, and that

another Texas district court has commended a plaintiff for "submitting damage

appraisals that specifically addressed the amount of property damage owed under the

- 4 -

claim," Reply ¶4 (citing *Perrett v. Allstate Insurance Company*, 354 F. Supp. 3d 755, 758 (S.D. Tex. 2018)).  But the statute does not require reasonableness or submitting damage appraisals in pre-suit notice.  *See* TEX. INS. CODE § 542A.003(b)(2*).

The court agrees with its sister courts that "the specific amount alleged to be owed" requirement is satisfied when the notice includes a specific dollar amount. See, *e.g., Mount Canaan Missionary Baptist Church v. Westchester Surplus Lines Insurance Company*, No. 4:19-CV-00660, 2019 WL 13114309, at *5 (S.D. Tex. Aug. 13, 2019); see *Nisha Hospitality, LLC v. Scottsdale Insurance Company*, No. 3:22-CV-1811-X, 2022 WL 17417995, at *2 (N.D. Tex. Dec. 2, 2022) (Starr, J.).  Even if the pre-suit demand letter's specific amount was an estimate and "vague and ambiguous" as American Security contends, that does not render the notice invalid under section 542A.003(b) because the letter alleges an amount to be owed.  See *Mount Canaan*, 2019 WL 13114309, at *5 (holding that "the specific amount alleged was not necessarily the final amount owed may affect the merits arguments at a later juncture . . . but did not deprive [the insurer] of the statutory notice owed to it[.]").  The statute does not require proof of damages or reasonableness for pre-suit notice, only a specific amount alleged to be owed.  *See* TEX. INS. CODE § 542A.003(b)(2).  The court declines to read any additional requirements for pre-suit notice into section 542A.003(b), and thus, the court concludes the pre-suit demand letter satisfies the

statute.

### III.  <u>CONCLUSION</u>

For the reasons discussed above, American Security's motion to preclude

Koncak's recovery of attorney's fees is **DENIED**.

**SO ORDERED**.

January 3, 2023.

<u>A. Joe Fish</u>
**A. JOE FISH**
**Senior United States District Judge**